1

2

IN THE UNITED STATES DISTRICT COURT

3

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

GLENN EDWARD HOPKINS,

        Plaintiff,

  v.

PAROLE AGENT PANG, et al.,

        Defendants.

_____/

No. C 10-05010 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

10

11

12

13

14

15

16

      Plaintiff filed the instant a pro se civil rights complaint under 42 U.S.C. § 1983 while he was incarcerated at San Quentin State Prison, alleging "Eighth Amendment" violations.  Though not entirely clear, Plaintiff appears to argue that statements made to him by his parole agent, Mr. Pang, involved the "use [of] indecent, abusive, profane, or otherwise improper language while on duty." (Compl. at 3.)  Plaintiff also names another parole agent serving as "unit supervisor" -- Mr. A. Lee, who is presumably Defendant Pang's supervisor.  Thus, Plaintiff appears to sue Defendant Lee based on supervisory liability.  Plaintiff seeks monetary damages.

17

18

      The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A.  Plaintiff's motion for leave to proceed in forma pauperis has previously been granted.

19

**STANDARD OF REVIEW**

20

21

22

23

24

25

26

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  It its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

27

28

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

**United States District Court**
For the Northern District of California

1  alleged violation was committed by a person acting under the color of state law.  See West v. Atkins,

2  487 U.S. 42, 48 (1988).

3  **DISCUSSION**

4  In his complaint, Plaintiff lists, under the "Statement of Claim" section, a rule called "Section

5  3391" relating to "Employee Conduct," which states:

6  Section 3391 - Employee Conduct

7  (a) Employees shall be alert, courteous, and professional in their dealings with
   inmate parolees, fellow employees, visitors and members of the public.  Inmates

8  and parolees shall be addressed by their proper names, and never by derogatory or
   slang references.  Prison numbers shall be used only with names to summon[]

9  inmates via public address systems.  Employees shall not use indecent, abusive,
   profane or otherwise improper language while on duty.  Irresponsible of unethical

10 conduct or conduct reflecting discredit or themselves or the department either on or
   off duty shall be avoided by all employees.

11 (Compl. at 3.)  Plaintiff also attaches another page to his complaint, which includes another rule

12 entitled "section 3504, parole assessment (a)(e)," which contains definitions of "Constitutional

13 Rights," "Procedural Due Process," and "Deprivation of Liberty Interests."  (Compl., Attach. at 1.)

14 Plaintiff next lists "Title 18, Chapter 13 Civil Rights, 241 and 242," which relate to "Conspiracy

15 Against Rights" and "Deprivation of Rights Under Color of Law," respectively.  (Id. at 1-2.)

16 However, nowhere does Plaintiff explain how Defendants Pang and Lee specifically violated his

17 constitutional rights.  Accordingly, as the complaint is presently written, Plaintiff fails to set forth

18 allegations against the named Defendants that state a cognizable constitutional claim.

19 Based on the fact that Plaintiff lists the above "Section 3391" in his complaint, he seems to

20 argue that statements made to him by Defendant Pang involved the "use [of] indecent, abusive,

21 profane, or otherwise improper language while on duty."  (Compl. at 3.)  And, as mentioned above,

22 Plaintiff appears to sue Defendant Lee in his supervisory capacity for the actions of his subordinate,

23 Defendant Pang.  However, such conduct on the part of Defendants here does not set forth a

24 constitutional violation.  Therefore, to the extent that Plaintiff alleges a claim against Defendants

25 based on Defendant Pang's alleges use "indecent, abusive, profane, or otherwise improper language"

26 -- such a claim is DISMISSED for failure to state a claim for relief.

27

28

2

**United States District Court**
For the Northern District of California

1    As mentioned above, in the section of the complaint form where Plaintiff is asked to write

2  the names of all Defendants he only names Defendants Pang and Lee; however, he does not link

3  these Defendants specifically to the allegations in the body of the complaint.

4    Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show

5  that the defendant proximately caused the deprivation of a federally protected right. See Leer v.

6  Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th

7  Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he

8  does an affirmative act, participates in another's affirmative act or omits to perform an act which he

9  is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844

10  F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and

11  responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

12  constitutional deprivation. See id.  Sweeping conclusory allegations will not suffice; the plaintiff

13  must instead "set forth specific facts as to each individual defendant's" deprivation of protected

14  rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

15    Accordingly, Plaintiff's claims against Defendants Pang and Lee are DISMISSED WITH

16  LEAVE TO AMEND.  If Plaintiff intends to pursue an exhausted claim or claims against these

17  Defendants, he shall file an amended complaint containing such allegations, as directed below.

### CONCLUSION

19    For the foregoing reasons, the Court orders as follows:

20    Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint

21  to correct the pleading deficiencies set forth above.  Plaintiff must use the attached civil rights form,

22  write the case number for this action -- Case No. C 10-5010 SBA (PR) -- on the form, clearly label

23  the complaint "Amended Complaint," and complete all sections of the form.  Because an amended

24  complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

25  wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S.

26  915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644

27

28

**United States District Court**
For the Northern District of California

1   F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by

2   reference.

3       **Plaintiff's failure to file an amended complaint within the thirty-day deadline will result**

4   **in the dismissal of this action without prejudice.**

5       The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form with

6   his copy of this Order.

7       IT IS SO ORDERED.

8   DATED: 4/20/11                                    _Saundra B Armstrong_
                                                      SAUNDRA BROWN ARMSTRONG
9                                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.10\Hopkins5010.DWLA(parole agrent).wpd

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GLENN EDWARD HOPKINS,

        Plaintiff,

  v.

MR PANG et al,

        Defendant.
_____/

Case Number: CV10-05010 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glenn Edward Hopkins
5419 Foothill Blvd.
Oakland,  CA 94521

Dated: April 25, 2011

                    Richard W. Wieking, Clerk
                    By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Hopkins5010.DWLA(parole agrent).wpd